In re Verona Jean **BERRY**
a/k/a Verona Berry.

**A.T. & T. UNIVERSAL CARD SERVICES CORP., a Delaware corporation, Plaintiff,**

v.

**Verona Jean BERRY, a/k/a Verona Berry, Defendant.**

**Bankruptcy No. 95–5709–BKC–3F7.
Adv. No. 96–55.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 21, 1996.

Lance Cohen, Jacksonville, Florida, for Plaintiff.

Verona Jean Berry, pro se.

### *ORDER DENYING MOTION FOR SUMMARY JUDGMENT*

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court upon a Motion for Summary Judgment filed by Plaintiff. No response to the Motion was

filed by Defendant. Plaintiff filed this proceeding seeking to except from discharge the amount owed by Defendant to Plaintiff, which Defendant incurred by use of an A.T. & T. Universal Credit Card.

 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see, e.g., Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

 Plaintiff's Complaint was filed pursuant to 11 U.S.C. § 523(a)(2) which excepts from discharge debts incurred by fraudulent misrepresentations, actual fraud, or a misleading written financial statement. There is no evidence of the use of a written financial statement in this case. In fact, in her pro se Answer to the Court, Defendant indicates that this was a preapproved unsolicited credit card, given to her by Plaintiff. She states in her Answer, "I had an MCI credit card in good standing in Indiania. A.T. & T got hold of my telephone number somehow, and harassed me till I couldn't take no more. I paid A.T. & T. off in 1994 in Fort Wayne, Indiana. After I paid them off they called me and asked me to accept a new card. I told them no but they got my address in Florida and sent me one anyway in Daytona Beach. I sent it back and they returned it to me in Daytona Beach." (Defendant's Answer, Doc. No. 4)

"... [I]t is almost axiomatic that fraudulent intent is uniquely not susceptible to resolution 'on papers.'" *A.T. & T. Universal Card Services Corp. v. Burns (In re Burns),* 196 B.R. 11 (Bankr.W.D.N.Y.1996). In the *Burns* case, the court discussed its earlier opinion in the case of *Chemical Bank v. Sigrist (In re Sigrist),* 163 B.R. 940 (Bankr. W.D.N.Y.1994) in which the court

held that a creditor that is attempting to carry its burden of proof of credit card fraud under 11 U.S.C. § 523(a)(2)(A) will not be permitted to enjoy the benefits of the evidentiary device of an 'inference of fraud' (that might otherwise arise under certain circumstances from a use of the card while insolvent), if the uncontroverted facts in evidence demonstrate that the creditor did not care about the debtor's creditworthiness when it issued the card. One who lacks concern for its borrower's insolvency when enabling the borrowing cannot prove it was defrauded merely by proving that the borrower was insolvent and knew it. And lack of concern for solvency and creditworthiness is evidence where the creditor issued a pre-approved card to one who was already hopelessly insolvent, without asking for basic credit information. Such a creditor must show actual proof of fraud, such as acts in contemplation of bankruptcy. *Burns,* 196 B.R. at 13.

Plaintiff's Motion for Summary Judgment argues that Defendant was insolvent when she used the credit card at issue; that her minimum monthly payments on her admittedly numerous credit cards far exceeded her disposable income. Plaintiff argues that Defendant knew or should have known that she did not have the ability to repay the debt when she incurred the charges. However, the Court finds that it is not appropriate to grant summary judgment on this ground. The Court is bound by the decision in *First Nat'l Bank of Mobile v. Roddenberry,* 701 F.2d 927 (11th Cir.1983) in which the court rejected the "implied misrepresentation" doctrine of credit card fraud, following instead the "voluntary assumption of risk" doctrine.

Even though Defendant did not respond to the Motion for Summary Judgment, the Court finds that she raised a sufficient issue in her pro se Answer to preclude summary judgment; that is, if this was a pre-approved

unsolicited credit card, Plaintiff will have to do more than point out that Defendant was insolvent at the time of the issuance of the card. These are questions of fact which need to be determined at trial. Therefore, summary judgment is not appropriate. It is

**ORDERED:**

The Motion for Summary Judgment is denied.

**DONE AND ORDERED.**